No. 199.—J. GRAHAM, Auditor, v. G. W. & J. T. TIGNOR et al.

Prescription runs against all persons except such as are included in some exception established by law. C. C. 3540. The State does not fall within any of the express exceptions to the current of prescription.

Promissory notes given in favor of the Auditor of Public Accounts for the sale of school lands belonging to the State, are therefore prescribed by five years, the same as if they belonged to an individual.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Egan*, J. *J. D. Watkins*, for plaintiff and appellant. *J. W. Wilson*, for defendants and appellees.

TALIAFERRO, J. Two of the defendants in this case having purchased, under an act of the Legislature approved eighteenth March, 1858, one-half of the sixteenth or school section of land within one of the townships lying in the parish of Claiborne, executed, *in solido* with their surety, nine several promissory notes, each for $88, dated first October, 1859, and payable consecutively, one note each year, on the first of October, with its accruing interest from date, with special mortgage on the land purchased. These notes were, in conformity with law, drawn payable to E. W. Robertson, then Auditor of Public Accounts, or his successors in office. None of these notes having been paid, the present plaintiff, in his official capacity, brings this suit to enforce payment.

The defense is prescription. The judge *a quo* sustained the plea as to the first six notes of the series, and rendered judgment against the defendants for the remaining three, according to their tenor, but without enforcement of the mortgage. From this judgment the plaintiff has appealed.

The sole question in this case is, does prescription run against the State on the notes sued upon? The defendants rely upon articles 3521

and 3540 of the Civil Code, and upon several decisions of the Supreme Court of the State, and especially upon that of Pepper *v.* Dunlap, 9 An. 137. Article 3521 declares that "prescription runs against all persons, unless they are included in some exception established by law." Article 3540 declares that "all actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years." It is held by the defendants that these articles of the Civil Code have a clear and direct application to the case at bar, the State being a body politic or person, and the action being upon a promissory note.

Our Code seems clearly to determine that prescription applies without discrimination unless where there are express exceptions. We find no express exception in favor of the State. In the case presented, we think prescription does apply. The notes sued upon are secured by mortgage, and the plaintiff prays that the mortgage be recognized and enforced. We think the court *a qua* should have so decreed, and in this respect the judgment should be amended..

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended so as to embrace the order now rendered, that the mortgage of plaintiff be recognized and enforced as prayed for, and that the lands stipulated in the petition of plaintiff and the act of mortgage made part thereof, be seized and sold to pay and satisfy the three promissory notes and interest for which judgment was rendered by the court *a qua*, and, as thus amended, the judgment be affirmed, with costs in both courts.